

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable Conard Florence
County Attorney
Upshur County
Gilmer, Texas

Overruled: O-6908
c/m so far as it conflicts

Dear Sir:

Opinion No. O-6670
Re: Whether county owned road
equipment, machinery and
tools may be legally used
for private use.

In your letter of June 29, 1945, requesting an opinion of this department, you refer us to House Bill No. 80 of the recent 49th Legislature and ask the following questions quoted from your letter:

"Can the various commissioners use county owned equipment upon private property? Can the respective commissioners use county owned equipment upon private property if the person upon whose property they are working is willing to pay a reasonable compensation for the use of said equipment upon said private property? If, in the event your answer to the above questions is no, how may county equipment be legally used for private use?"

In connection with the foregoing inquiry, we have recently received a request from Honorable A. T. Pribble, County Attorney of Mills County, Goldthwaite, Texas, wherein he wishes to be advised whether or not the commissioners court can lease out the public road equipment or tools to anyone or receive any pay therefrom legally. We consider each of these requests under this opinion number.

House Bill 80 to which you refer makes it a penal offense for any officer of this State or of any county to knowingly use or permit to be used <u>for private profit to himself</u> other than to the State, county, or municipality any property, supplies, equipment or other thing of value

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Conard Florence,   page 2

belonging to such State or county or knowingly use or knowingly permit to be used <u>for private profit to himself</u> the labor or service (of any person whose labor or service is paid for by such county. Such bill likewise makes it a penal offense for any person appointed or employed by any officer of any county or by the commissioners' court of any county or by any person engaged in performing any business of any county however employed, to knowingly use or knowingly permit to be used <u>for private profit to himself</u> any property, supplies, equipment and other things of value belonging to such county and likewise the labor or service of any person whose labor or service is paid for by such county.

The mere enactment of the above penal law works no change upon and does not affect the powers and authority of the various commissioners' courts as presently and heretofore limited and controlled by the Constitution and laws passed by the Legislature. The answer to the above questions therefore depends on whether or not such courts are expressly or by necessary implication authorized by law to devote or permit to be used county owned equipment upon private property with or without compensation therefor.

The general rule with reference to the power and authority of such courts is quoted from 15 Corpus Juris 537, as follows:

"In accordance with the general rule heretofore stated, that county boards or county courts have no powers other than those conferred expressly or by necessary implication, such courts or boards have no power to rent or lease property or franchises owned by the county, in the absence of statutory authority to do so."

In our Opinion No. O-3328, approved August 1, 1941, this department held that the commissioners' court has no authority to lease road machinery or road equipment to an individual, company or corporation for the construction of any works of improvement including aviation fields, camp sites, or roads outside the boundaries of the county. We herewith attach for your information a copy of such opinion containing applicable authorities governing this question.

In Opinion No. O-2034, approved March 12, 1940, a copy of which is attached, this department held that the commissioners' court had no authority to lease road equipment or machinery, such as tractors and graders, to a contractor who has taken a contract to build a road within the county. In this opinion reference is made to Article 2372c, Vernon's Annotated Civil Statutes, relating

Honorable Conard Florence,   page 3


to the employment of road construction or other machinery or road equipment in the service of soil conservation and prevention of soil waste through erosion. We are unable to find any law which authorizes county owned equipment to be devoted to and used upon private property other than the foregoing Article 2372c of said statutes.

It is therefore the opinion of this department that the commissioners' court has no authority through its various commissioners, whether with or without compensation, to use or permit to be used county owned equipment upon privately owned property. Article 2372c, V. A. C. S., however, permits county machinery or road equipment or road construction machinery to be employed upon private property in the service of soil conservation and the prevention of soil waste through erosion in accordance with the provisions of such law.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:LJ
encls.

APPROVED JUL 26 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN